[Civ. No. 4421.   Fourth Dist.   Jan. 4, 1952.]

LUZ DE LOS ANGELES DE ARMAS, Respondent, v. NEVA
S. DICKERMAN, Appellant.

Dudley & Franklin for Appellant.

Richard Levitt and Harold Rubins for Respondent.

MUSSELL, J.—In this action for rental overcharges it was alleged by plaintiff that defendant was the owner and landlord of housing accommodations described as 1625 Sunset Plaza Drive, in the city of Los Angeles; that on or about October 4, 1948, plaintiff and defendant entered into a written agreement whereby the defendant rented the premises to plaintiff for use as housing accommodations at a rental of $225 per month; that pursuant thereto, plaintiff occupied the premises as defendant's tenant and paid defendant $2,635 as rent from October 4, 1948, to October 1, 1949; that during all of said time the maximum legal rental was the sum of $150 per month. Treble damages were prayed for in the sum of $2,505 pursuant to the provisions of section 205 of the Housing and Rent Act of 1947, 1948 and 1949 (U.S.C.A. title 50, App. §§ 925 and 1895) and the regulations thereunder, together with costs and attorney's fees. The answer admitted that the Housing and Rent Acts were in effect in Los Angeles County during the times involved and that the defendant was the owner and landlord of the premises. All other allegations of the complaint were denied.

A jury trial was had and a verdict was returned for plaintiff in the sum of $2,755, representing overcharges of $835, trebled, and attorney's fees of $250. A motion for judgment notwithstanding the verdict was made and denied and defendant appeals from the order denying the motion and from the judgment.

Plaintiff, Miss De Armas, was a citizen of Cuba, visiting in the United States. In September, 1948, while looking for a place to rent, she saw a sign on the outside of defendant's house "For Rent As Is." Defendant conducted plaintiff through the house and there was no conversation about the rent at that time. However, plaintiff returned the following day and defendant then agreed to rent the entire house to plaintiff for $225 per month for a period of one year, the first and last months' rent to be paid in advance. A few days later plaintiff called at the house and signed a lease for the premises, prepared by the defendant. Plaintiff did not have the $450 first payment required by the lease and defendant agreed to hold the lease until this money was paid to her. A few days later defendant called plaintiff on the telephone and informed her that the lease was not according to law and that it would be necessary to make out a new and different kind of lease. Shortly thereafter defendant gave plaintiff a new lease and told her that it was necessary to make it out in the form of an option. Plaintiff and defendant signed this document, plaintiff paid defendant the sum of $450, moved into the house and occupied it until the trial of the action.

It was stipulated by counsel that from October 4, 1948, to October 1, 1949, the defendant received from plaintiff the sum of $2,635, consisting of 11 payments of $225 each and one payment of $160.

The official records of the office of the housing expediter in Los Angeles were admitted in evidence and contained orders of the expediter fixing the ceiling rent of the premises involved for the period during which they were occupied by the plaintiff. There were two such orders, executed on the 1st day of October, 1946, one of which described the premises as "8 rooms furnished" and the maximum rental therefor to be the sum of $150 per month. The other order referred to the same premises and stated that the maximum rental therefor was changed from $175 per month to $100 per month "2 rooms furnished and bath." There were no subsequent orders changing the maximum rental.

▮ Defendant's first contention is that the plaintiff failed to establish the material allegations of her complaint and that defendant's motion for a nonsuit should have been granted. The basis of this contention is that the so-called option agreement was not a rental agreement. However, this was a question of fact for the determination of the jury.

There is substantial evidence to support an inference by the jury that the instrument entitled "option agreement" was executed to evade the provisions of the Housing and Rent Act of 1947, as amended, and the rent regulations issued pursuant thereto. Reference to the document itself shows that the sum of $450 was paid at the time of its execution (the same amount as was specified in the first lease as the first and last months' rent); that the property referred to therein was 1625 Sunset Plaza Drive, Los Angeles; that the plaintiff was required to pay the sum of $225 per month beginning November 1, 1948, and continuing to the date when the optionee was required to exercise the option, to wit, October 1, 1949. The agreement provided that the property should be used for residential purposes only and that plaintiff could not leave the premises vacant for more than two days at a time. Evidence was introduced showing that the parties intended the document to be a rental agreement and consistently treated it as such. The defendant was advertising the place for rent and placed a "For Rent" sign outside the house. She told plaintiff that the rent would be $225 per month and prepared a written lease, which plaintiff signed and returned. In their subsequent dealings both parties referred to the payments as "rent," to plaintiff as "tenant" and to the agreement as a "lease." There is also substantial evidence that the plaintiff was not interested in buying the property and was only interested in obtaining living accommodations. ██ Whether the document was a bona fide option agreement or a lease cloaked in the garb of an option was a question of fact properly submitted to the jury. As was said in *Lynn* v. *Herman*, 72 Cal.App.2d 614, 617 [165 P.2d 54], citing *Cooper* v. *Cooper*, 3 Cal.App.2d 154 [39 P.2d 820]:

" 'Oral evidence is competent to prove that a purported promissory note or written contract was executed as a mere artifice affecting the relationship or conduct of the parties thereto, and that it was not the intention of the parties that it should become binding upon them. Under such circumstances the reception of oral evidence does not have the effect of varying the terms of the written instrument, but rather tends to prove the invalidity of the challenged document. (*P. A. Smith Co.* v. *Muller*, 201 Cal. 219 [256 P. 411, 412]; *Texas Co.* v. *Berry Garage*, 121 Cal.App. 455 [9 P.2d 241]; *Gleeson* v. *Dunn*, 113 Cal.App. 347 [298 P. 119]; *Allen's Collection Agency* v. *Lee*, 73 Cal.App. 68 [238 P. 169]; sec. 3097, Civ. Code).' "

■ The trial court properly admitted the parol evidence to show that the written document, though lawful on its face, was illegal, or part of an illegal transaction. (*Endicott* v. *Rosenthal,* 216 Cal. 721, 728 [16 P.2d 673]; Code Civ. Proc., § 1865; *Lebal Co. of America* v. *Mastrup,* 51 Cal.App.2d 232, 233 [124 P.2d 348].) ■ Evidence was also properly admitted to show that the parties considered their relationship to be one of landlord-tenant before the controversy arose.

■ The subsequent conduct of the parties to the agreement was admissible to show their intentions. (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 761 [128 P.2d 665]; *Tennant* v. *Wilde,* 98 Cal.App. 437, 453 [277 P. 137]; 178 F.2d 554.) Evidence of the intention of the parties was admissible to show that the so-called option agreement was in fact a lease. As was said in *Porter* v. *Fiske,* 74 Cal.App.2d 332, 336 [171 P.2d 971]:

"The terminology adopted by the parties in reaching their agreement did not operate to relieve appellant of the amercement provided by the statute. 'Mere words and ingenuity of contractual expression, whatever their effect between the parties, cannot by description make permissible a course of conduct forbidden by law.' (*United States* v. *San Francisco,* 310 U.S. 16, 28 [60 S.Ct. 749, 84 L.Ed. 1050].)"

Defendant argues that the plaintiff failed to establish that the maximum rental per month for the premises was $150 and argues that the evidence shows that the building had nine rooms instead of eight and that no maximum ceiling was fixed by the housing expediter for the whole building. However, there was testimony in the record that the house in fact contained eight rooms. ■ The defendant's testimony shows that it had eight rooms and a sleeping porch. From this evidence the jury may well have found that the entire house consisted of eight rooms.

■ The two orders fixing the maximum rental were executed October 1, 1946, and by their terms remained in effect until changed by the Office of Price Administration. It was admitted that the Housing and Rent Acts were in effect during all times material here and there was no indication in the record that the defendant sought by proper administrative steps to obtain an increase in the maximum rental or to change the orders in any respect. Under such circumstances she cannot here raise the question of extra accommodations or question the validity of the orders of the rent

expediter. (*Woods* v. *Contestabile,* 81 F.Supp. 737, 738.) The rent expediter had the exclusive right to determine the maximum legal rent for the housing accommodations and this court has no jurisdiction with respect to such maximum rent order other than to enforce the ceiling price. (*Parshalle* v. *Curl,* 90 Cal.App.2d 641, 648 [203 P.2d 802].)

■ Defendant argues that the trial court erred in permitting counsel for plaintiff to read in his opening statement to the jury excerpts from the Housing and Rent Act of 1947, as amended. The sections read were statements of the law applicable to the case and it was within the discretion of the court to permit the reading of the statutes under the circumstances. As was said in *People* v. *Dykes,* 107 Cal.App. 107, 118 [290 P. 102]:

"That counsel may, in his argument, state what the law is and apply the law to the facts in the case is well established in California, provided, of course, the statement of what he considers the law to be is correct."

■ Defendant contends that the rent acts and regulations were not properly before the court. This contention is without merit as these regulations are the proper subject of judicial knowledge. (*Parker* v. *James Granger, Inc.,* 4 Cal.2d 668, 677 [52 P.2d 226]; *Livermore* v. *Beal,* 18 Cal.App.2d 535, 542 [64 P.2d 987].)

Defendant finally argues that the instructions to the jury were erroneous and conflicting. The objection to many of these instructions is that they contained certain rules and regulations made by the housing expediter under the Housing and Rent Act, and when considered separately or together they had the effect of instructing the jury to find a verdict for the plaintiff. We have examined these instructions and conclude that no error resulted in instructing the jury as to the regulations contained in the acts applicable. We are unable to find any prejudicial error in the instructions given.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.